IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| FLASH UPLINK LLC, | Case No. |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| QNAP SYSTEMS, INC., | |
| Defendant. | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Flash Uplink LLC ("Flash Uplink" or "Plaintiff") files this original Complaint against Defendant QNAP Systems, Inc. ("QNAP" or "Defendant") for patent infringement under 35 U.S.C. § 271 and alleges as follows:

**THE PARTIES**

1. Flash Uplink LLC is a limited liability company organized and existing under the laws of the State of Texas, with its principal place of business located at 313 S. Washington Avenue, Marshall, Texas 75670.

2. Upon information and belief, QNAP is a corporation organized under the laws of Taiwan with a place of business at 3F., No. 22, Zhongxing Rd., Xizhi District, New Taipei City 221, Taiwan.

3. Upon information and belief, QNAP owns, controls, and acts in concert with other QNAP and associated entities to conduct the infringing sale, offer for sale, importation, use, and manufacture of the Accused Products in the United States. QNAP oversees and administers a global supply chain through which the Accused Products are developed, manufactured, and delivered into the United States, including into the State of Texas and this District. At QNAP's

direction or under its control, the Accused Products are packaged, shipped, and sold to customers in the United States.

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 1367.

5. This Court has specific and general personal jurisdiction over QNAP consistent with the requirements of the Due Process Clause of the United States Constitution and the Texas Long Arm Statute. Upon information and belief, QNAP has sufficient minimum contacts with the forum because QNAP transacts substantial business in the State of Texas and in this Judicial District. Further, QNAP has, directly or through subsidiaries or intermediaries, committed and continues to commit acts of patent infringement in the State of Texas and in this Judicial District and elsewhere throughout the United States, as alleged in this Complaint. For example, on information and belief, the Accused Products are available for purchase in this Judicial District.

6. In addition, or in the alternative, this Court has personal jurisdiction over QNAP pursuant to Fed. R. Civ. P. 4(k)(2).

7. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) and (c) and/or 1400(b) because, among other things, QNAP is not a resident of the United States and thus may be sued in any judicial district pursuant to 28 U.S.C. § 1391(c)(3), including in the Eastern District of Texas. Venue is also proper because QNAP through its own acts and/or through the acts of others, makes, uses, sells, and/or offers to sell infringing products within this Judicial District, regularly does and solicits business in this Judicial District, and has the requisite minimum contacts with this Judicial District such that this venue is a fair and reasonable one.

## PATENT-IN-SUIT

8. On September 16, 2008, the United States Patent and Trademark Office ("USPTO") duly and legally issued U.S. Patent No. 7,426,633 B2 entitled "SYSTEM AND METHOD FOR REFLASHING DISK DRIVE FIRMWARE" ("the '633 Patent"). A true and correct copy of the '633 Patent is attached hereto as Exhibit A.

9. Flash Uplink is the sole and exclusive owner of all right, title and interest in the '633 Patent and holds the exclusive right to take all actions necessary to enforce its rights to the '633 Patent, including the filing of this patent infringement lawsuit. Flash Uplink also has the right to recover all damages for past, present, and future infringement of the '633 Patent and to seek injunctive relief as appropriate under the law.

10. Flash Uplink has at all times complied with the marking provisions of 35 U.S.C. § 287 with respect to the '633 Patent. On information and belief, any prior assignees and licensees have also complied with the marking provisions of 35 U.S.C. § 287.

## FACTUAL ALLEGATIONS

11. The technologies described in the '633 Patent were developed by Mark J. Thompson, Mark B. Harris, and Peter C. Fry and relate generally to systems and methods for updating (reflashing) disk drive firmware in a more automated and less disruptive way. In one embodiment, the '633 Patent teaches storing a firmware update package on a drive (rather than relying on removable media or manual tools) and then using that stored package to update firmware.

12. QNAP has infringed and continues to infringe the '633 Patent by making, using, selling, offering to sell, and/or importing, and by actively inducing others to make, use, sell, offer to sell, and/or import infringing products, including but not limited to, Network-Addressable Storage (NAS) systems that permit firmware update packages to be downloaded and stored at a

reserved area of a hard drive and then used by a processor to reflash firmware, including without limitation the TS-x32PX and TS-x32PXU series of NAS systems, such as, for example, TS-432PXU, TS-432PXU-RP, TS-832PX, TS-832PXU, TS-832PXU-RP, TS-1232PXU, and TS-1232PXU-RP (collectively, the "Accused Products"). Any of the Accused Products is representative of the others with respect to infringement as all Accused Products operate in a similar fashion relevant to the claims of the '633 Patent.

## COUNT I
### (Infringement of the '633 Patent)

13. Paragraphs 1 through 14 are incorporated by reference as if fully set forth herein.

14. Flash Uplink has not licensed or otherwise authorized QNAP to make, use, offer for sale, sell, or import any products that embody the inventions of the '633 Patent.

15. QNAP has and continues to directly and/or indirectly infringe one or more claims of the '633 Patent, including without limitation, claim 21 of the '633 Patent.

16. QNAP has and continues to directly infringe the '633 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '633 Patent.

17. QNAP has and continues to indirectly infringe one or more claims of the '633 Patent by knowingly and intentionally inducing others, including but not limited to, QNAP's customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States products that infringe one or more claims of the '633 Patent.

18. QNAP indirectly infringes one or more claims of the '633 Patent, as provided by 35 U.S.C. § 271(b), by inducing infringement of others, such as QNAP's customers and end-users,

in this Judicial District and elsewhere in the United States. For example, QNAP's customers and end-users directly infringe, either literally or under the doctrine of equivalents, through their practice and use of the inventions claimed in the '633 Patent. QNAP induces this direct infringement at least via its affirmative acts of manufacturing, selling, distributing, and/or otherwise making available the Accused Products, and providing instructions, documentation, and other information to customers and end-users urging them to use the Accused Products in an infringing manner, including technical support, marketing, product manuals, advertisements, and online documentation. Because of QNAP's inducement, QNAP's customers and end-users use Accused Products and directly infringe the '633 Patent in a way QNAP intends. Upon information and belief, QNAP performs these affirmative acts with knowledge of the '633 Patent (at least as of the date of this Complaint) and with the intent, or willful blindness, that the induced acts directly infringe the '633 Patent.

19. QNAP indirectly infringes one or more claims of the '633 Patent, as provided by 35 U.S.C. § 271(c), by contributing to direct infringement by others, such as customers and end-users, in this Judicial District and elsewhere in the United States. QNAP's affirmative acts of selling and offering to sell the Accused Products in this Judicial District and elsewhere in the United States and causing the Accused Products to be manufactured, used, sold and offered for sale contribute to others' use and manufacture of the Accused Products, such that the '633 Patent is directly infringed by others. The accused components within the Accused Products are material to the inventions of the '633 Patent, are not staple articles or commodities of commerce, have no substantial non-infringing uses, and are known by QNAP to be especially made or adapted for use in the infringement of the '633 Patent. QNAP performs these affirmative acts with knowledge of the '633 Patent (at least as of the date of this Complaint) and with intent, or willful blindness, that it causes the direct infringement of the '633 Patent.

20. A preliminary chart mapping the elements of claim 21 of the '633 Patent to a representative series of Accused Products (the QNAP TS-x32PXU Series NAS Products) is attached hereto as Exhibit B.

21. Flash Uplink has suffered damages as a result of QNAP's direct and indirect infringement of the '633 Patent and is entitled to an award of monetary damages in an amount not less than a reasonable royalty, the precise amount to be proved at trial.

22. Flash Uplink has suffered, and will continue to suffer, irreparable harm as a result of QNAP's infringement of the '633 Patent, for which there is no adequate remedy at law, unless QNAP's infringement is enjoined by this Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Flash Uplink prays for relief against QNAP as follows:

a. Entry of judgment declaring that QNAP has directly and/or indirectly infringed one or more claims of the '633 Patent;

b. Entry of judgment declaring that QNAP's infringement of the '633 Patent is willful;

c. An order awarding damages sufficient to compensate Flash Uplink for QNAP's infringement of the '633 Patent, but in no event less than a reasonable royalty, together with pre-judgment and post-judgment interest and costs;

d. An order pursuant to 35 U.S.C. § 283 permanently enjoining QNAP, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them, from further acts of infringement of the '633 Patent;

e. Entry of judgment declaring that this case is exceptional and awarding Flash Uplink its costs and reasonable attorneys' fees under 35 U.S.C. § 285;

f. An accounting for acts of infringement;

  g. Such other equitable relief which may be requested and to which Flash Uplink is entitled; and

  h. Such other and further relief as the Court deems just and proper.


Dated:  February 2, 2026         Respectfully submitted,


                /s/ Bryan N. DeMatteo
                Bryan N. DeMatteo
                NY Bar No. 4021267
                Email: bryan@demfirm.com
                **DEMATTEO LAW LLC**
                11028 Harbor Bay Drive
                Fishers, IN 46040
                Phone: 516-816-1571
                Fax: 732-301-9202

                *Attorney for Plaintiff,*
                *Flash Uplink LLC*